IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KATHERINE BOUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-348-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's claim for social security disability insurance benefits.

Plaintiff asserts disability beginning August 15, 2001, due to multiple impairments in her feet. The ALJ determined plaintiff was not disabled. Plaintiff appealed the ALJ's decision to the Appeals Council and submitted additional evidence. The Appeals Council

1 - ORDER

denied plaintiff's request for review. Plaintiff argues that: (1) the ALJ improperly rejected the Veteran's Administration 100% disability rating; (2) the Appeals Council improperly rejected plaintiff's doctor's disability opinion; (3) the ALJ erred by rejecting plaintiff's statements; (4) the ALJ erred by failing to address Listings 1.04C; (5) the ALJ erred by rejecting lay witness testimony; and that (6) the ALJ failed to assess a complete RFC.

The Commissioner concedes error and that a remand is appropriate. However, the Commissioner argues that a remand for further proceedings, as opposed to a remand for benefits, is necessary. The Commissioner contends that while the court may consider evidence submitted to the appeals council in determining whether the ALJ's decision is supported by substantial evidence, it is without jurisdiction to consider an Appeals's Council denial of review.

In <u>Ramirez v. Shalala</u>, 8 F.3d 1449 (9th Cir. 1993), the Ninth Circuit found that courts consider both the ALJ's decision and the additional material submitted to the Appeals Council. <u>Id</u>. at 1452. The <u>Ramirez</u> court noted that the court had previously found that a de novo review of the Appeals Council's refusal to review the decision of the ALJ, where the claimant presented new material to the Appeals Council after the hearing before the ALJ, was proper. <u>See, id</u>. (citing <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1063-64 (9th Cir. 1990).

2 - ORDER

> The Appeals Council could have remanded for a further hearing so that the ALJ could consider Ramirez's eligibility for benefits under diagnosis 12.04, or so that he could take further evidence. It chose not to do so. Instead, it treated the record as complete. We agree. Ordinarily, we may either " 'remand [a] case for additional evidence or simply ... award benefits.' " Varney v. Secretary of Health and Human Servs., 859 F.2d 1396, 1399 (9th Cir.1988) (quoting Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)). Where the record is complete, however, we award benefits to the claimant. Id. (citing Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir.1986)). Here, the record establishes that Ramirez exhibited the symptoms of a person suffering the required signs of diagnosis 12.04 in the required degree of duration and severity. There is no substantial evidence to the contrary. The Appeals Council therefore erred in failing to overturn the ALJ's decision and award benefits to Ramirez. Accordingly, we reverse the Secretary's decision.

Ramirez, 8 F3d. at 1455.[1]

As noted above, the Commissioner concedes that the Veteran's Affairs disability rating and medical opinion were improperly disregarded. Although a Veteran's Affairs rating of disability does not necessarily compel the Commissioner to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision. See McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific,

---

[1] The Commissioner maintains that the Ramirez court simply assumed jurisdiction without discussion and that therefore it is not binding authority. Regardless, the court finds it persuasive and sees no reason to delay an award of benefits because the agency chose not review an admittedly erroneous decision. Moreover, the Ninth Circuit continues to determine a remand for benefits is proper based on a failure to remand to consider additional evidence not before the ALJ. See McCartey v. Massanari, 298 F.3d 1072, 1077, n. 7 (9th Cir. 2002).

3 - ORDER

valid reasons for doing so that are supported by the record. The ALJ failed in this regard. Additionally, the Commissioner failed to adequately consider Dr. Ronald Woodruff's disability opinion submitted to the Appeals Council.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). The improperly rejected medical evidence establishes disability. Therefore, the record is complete and no further proceedings are necessary. Accordingly, the Commissioner's motion to remand for further proceedings is denied.

## CONCLUSION

For the reasons stated above, the Commissioner's motion to remand for further proceedings (#16) is denied. Pursuant to

4 - ORDER

Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this   11th   day of   May  , 2007.

                                              s/ Michael R. Hogan
                                         UNITED STATES DISTRICT JUDGE